

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 MAR 11  PM 1: 44

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRY MORA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:08-CV-100 |
| | § | |
| ALLSUP'S CONVENIENCE STORES, INC., | § | |
| LONNIE D. ALLSUP, and | § | |
| BARBARA J. ALLSUP, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY

Before the Court is Plaintiff's Motion for "Leave to Serve Discovery to Defense Counsel as to Their Charges Upon Challenging Plaintiffs' Fee and Costs Application," referred to the undersigned for a hearing, if necessary, and for determination.

I.
## PROCEDURAL BACKGROUND

In 2006, Lesa and Duncan Proctor filed a Fair Labor Standards Act (FLSA) claim against Allsup's Convenience Stores and its owners Lonnie and Barbara Allsup contending the company failed to pay its employees overtime. *See Proctor v. Allsup's Convenience Stores, Inc.*, No. 2:06-CV-255, "Complaint," Sept. 22, 2006, doc. 1 (N.D. Tex.). A class was conditionally certified in 2007, and the Proctors added over one thousand plaintiffs to the suit. *Id.*, "Order Authorizing Notice Pursuant to 29 U.S.C. § 216(B)," Apr. 18, 2007, doc. 53. In 2008, however, the class was decertified, and the case proceeded with only the Proctors as plaintiffs. *Id.*, "Memorandum Opinion," doc. 148. The Proctors

went to trial and lost. *Id.*, "Judgment," July 30, 2008, doc. 188.

A little over a week after the class in *Proctor* was decertified, the attorneys representing the plaintiffs in *Proctor* filed another suit naming Christina Acevedo as the first of several hundred plaintiffs. *Acevedo v. Allsup's Convenience Stores, Inc.*, No. 2:08-CV-100, "Complaint," May 2, 2008, doc. 1 (N.D. Tex.). In May and April of 2009, almost all of the plaintiffs were dismissed from the suit, either because their claims were time barred or because the facts of their cases were too dissimilar to proceed in the same case. *Id.*, "Final Judgment of Dismissal," Mar. 19, 2009, doc. 27; "Order," Apr. 6, 2009, doc. 28. Plaintiffs appealed the Court's Order dismissing the parties on the basis of dissimilarity of claims. *Id.*, "Notice of Interlocutory Appeal," Apr. 10, 2009, doc. 29. The District Court, then, in July 2009, dismissed without prejudice the claims of all of the remaining plaintiffs to allow them to refile in accordance with the Court's April 6, 2009 Order, which established that the plaintiffs could only join together if they had worked at the same store. *Id.*, "Order Dismissing All Claims Without Prejudice," July 17, 2009, doc. 33.

In March 2010, the Fifth Circuit affirmed the District Court's ruling that the plaintiffs could join together only if they had worked at the same store but reversed the dismissal of the entire action. *Id.*, Opinion of Fifth Circuit, Mar. 15, 2010, doc. 39. Upon remand, there were seven plaintiffs remaining in *Acevedo*. They were Christina Acevedo, Terry Mora, Sandra Ford, Arlene Stamps, Heather Elsass, Mary Garret, and Shawna Snapp. *Id.*, "Joint Status Report," Apr. 30, 2010, doc. 43. In September 2010, Acevedo, Elsass, Garret, and Snapp were dismissed from the case for failure to comply with discovery. *Id.*, "Order Granting Defendants' Motion to Dismiss," Sept. 28, 2010, doc. 60. At that point, the case became titled *Mora v. Allsups*, as Terry Mora was the next named plaintiff.

In October 2010, the three remaining plaintiffs (Mora, Ford, and Stamps) entered into a Settlement Agreement with defendants. *Id.*, "Joint Status Report," Oct. 6, 2010, doc. 72. Under the

terms of the Settlement Agreement, the three plaintiffs received a total of $9,400.00. *Id.,* "Defendants'

Response to Plaintiffs' Application and Memo Brief for Attorneys Fees," Nov. 19, 2010, doc. 76.

Following this settlement, plaintiffs attorneys filed a motion for attorneys' fees. *Id.*, "Application and

Memo Brief for Attorneys Fees," Oct. 29, 2010, doc. 74. Plaintiffs' attorneys seek $120,294.37 in fees

and $19,345.15 in costs for a total recovery amount of $139,639.52.

Defendants oppose the motion for attorneys' fees, contending the "most appropriate" amount

for attorneys' fees would be $1.00. *Id.*, "Defendants' Response to Plaintiffs' Application and Memo

Brief for Attorneys Fees," Nov. 19, 2010, doc. 76, pg. 2. Defendants base their response on several

arguments: (1) the mutually agreed settlement was entered into for economic reasons and should not

be considered a success for plaintiffs, which is the most important consideration in determining

attorney's fees; (2) likewise, the appeal was not a true success because the Fifth Circuit upheld the

portion of the District Court's order that removed almost all of the plaintiffs from the suit; (3)

plaintiffs' attorneys failed to properly segregate the fees incurred in the representation of the three

settlement plaintiffs in *Mora* from the fees incurred in the unsuccessful *Proctor* case and in

representation of the plaintiffs dismissed from *Acevedo*; (4) the hours in the time inventory submitted

by plaintiffs's attorneys were either inadequately documented or requested reimbursement for clerical

tasks, duplicative attorney time, and the work of legal assistants.; and (5) the rate of $350.00 per hour

requested by plaintiffs' attorneys is unreasonably high. Defendants do not challenge the

reasonableness of the total number of hours expended, but instead challenge whether all of the hours

claimed are compensable.

As part of their reply to defendants' response to the motion for fees, plaintiffs' attorneys moved

for leave to serve defendants' attorneys with "1) written interrogatories upon defendants and their

counsel as to the rates and fees charged Allsups in the defense of this case . . . and 2) request to

produce documents upon the defendants and their counsel as to the rates and fees charged Allsups in the defense of this case." *Id.*, "Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Application for Attorneys Fees and Costs and for Leave to Serve Discovery to Defense Counsel as to Their Charges Upon Challenging Plaintiffs' Fee and Costs Application" [hereinafter Plaintiffs' Discovery Motion], Nov. 30, 2010, doc. 78, pgs. 6-7. Plaintiffs attached to the motion a series of Interrogatories and Requests for Production it wishes to compel defendants to answer. *Id.*, "Appendix," doc. 79, Exhibits H & I. Plaintiffs' attorneys contend the requested information would act as a "measuring stick" as to the reasonableness of the attorneys' fees requested by plaintiffs. *Id.*, pg. 7. Plaintiffs' motion for discovery was referred to the undersigned Magistrate Judge.

## II.
## RELEVANCY OF REQUESTED DISCOVERY

### A. The Law Regarding Discovery of Opposing Counsel's Billing Information

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The question before this Court is, first and foremost, whether the requested information is relevant to plaintiffs' motion for attorneys' fees. Research reveals there is a long-standing yet unresolved split of authority regarding the relevance of opposing counsel's billing information when sought by the prevailing party in an action for attorneys' fees.[1]

---

[1] Some courts have held the discovery of opposing counsel's fees and expenses is irrelevant and thus not open to discovery by the prevailing party. *See Ackerly Commc'ns v. Somerville*, 901 F.2d 170, 172 n.5 (1st Cir. 1990); *Chambless v. Masters, Mates, & Pilots Pension Plan*, 885 F.2d 1053, 1059-60 (2d Cir. 1989); *Hernandez v. George*, 739 F.2d 264, 268 (10th Cir. 1986); *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 776 F.2d 646 (7th Cir. 1985); *Johnson v. Univ. Coll. of Univ. of Alabama*, 706 F.2d 1205, 1208 (11th Cir.), *cert. denied*, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983); *Mirabal v. Gen. Motors Acceptance Corp.*, 576 F.2d 729, 731 (7th Cir. 1978). Other courts indicate information regarding opposing counsel's billing could be at least minimally relevant and therefore subject to discovery. *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985); *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 587 (3d Cir. 1984).

Caselaw within the Fifth Circuit regarding this issue is sparse. The only case this Court has found touching the issue was entered over thirty years ago and indicates the Fifth Circuit would fall on the side of the First, Second, Seventh, Tenth, and Eleventh Circuits in holding discovery of opposing counsel's billing information is irrelevant. *See Harkless v. Sweeny I.S.D.*, 608 F.2d 594 (5th Cir. 1979). In *Harkless*, the Fifth Circuit stated, "[t]hat defense counsel spent significantly less time on this case than did counsel for the plaintiffs is irrelevant so long as all compensated work was necessary and performed in an expeditious manner." *Id.* at 598. The Court reads this language in the context of significant caselaw indicating the Court has a great deal of discretion in resolving discovery disputes and determining attorney's fees. *See VonClark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990); *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 1989).

The Fifth Circuit has established a very specific framework for the determination of attorney's fees. First, it created the well-known *Johnson* factors:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*VonClark*, 916 F.2d at 258 n.3 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *reversed on other grounds, Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 393, 103 L.Ed.2d 67 (1989)).

The court has further indicated application of the *Johnson* factors should follow a three-step analysis: (1) ascertain the nature and extent of the attorney's services; (2) determine the value of the services according to the customary fee and quality of representation; and (3) adjust the loadstar amount resulting from steps 1 and 2 on the basis of the other *Johnson* factors. *Id.* Thus, the Fifth

Circuit instructs district courts to pay "special heed" to the first, fifth, eighth, and ninth *Johnson* factors. *Id.*

### B. Relevant Discovery Request: Hourly Rates Charged

In this case, the issue of the reasonableness of the hourly rate of $350.00 sought by plaintiffs' attorneys is hotly contested. Several affidavits have been filed concerning whether $350.00 is a reasonable hourly rate. Counsel for defendants contend they are not part of the Amarillo community, and their hourly rates are not a good comparison for the reasonableness of the rates charged by plaintiffs' attorneys. Such an argument goes to the weight afforded the evidence of counsels' fees. The customary fee of an employment law attorney is key to the District Court's disposition of plaintiffs' motion for attorneys' fees. *See id.* How much defendants' attorneys charged is at least potentially relevant to the reasonableness of the hourly fees of plaintiffs' attorneys. *See id.*; *In re Fine Paper Trust Litig.*, 751 F.2d at 587. The case was filed and prosecuted in Amarillo, Texas. The rates defendants' counsel charged to handle a case in Amarillo is relevant even though the attorneys' office is Austin, Texas.

Accordingly, plaintiffs' request to discover information relating to the hourly rates charged to defendants by their attorneys is GRANTED.[2]

### C. Irrelevant Discovery Request: Time Sheets and Total Charges

While the issue of a reasonable hourly rate is hotly contested, defendants do not contend the actual amount of time spent in litigation of the *Mora* case was unreasonable. During a telephone

---

[2] This request is set forth in Request for Production Number 3 and Interrogatories 1, 2(a), and the portion of Interrogatory 4 regarding the question of "rates changes instituted, the dates which those changes went into effect, and the reasons for those changes. If there were such changes, please state the name, position, and address of the person with the most complete knowledge as to the changes and why such changes were made by Defendants." Plaintiffs' Discovery Motion, Appendix, doc. 79, Exhibits H & I.

hearing held by this Court on March 10, 2011, counsel for defendants verified they were not challenging whether the amount of time spent in litigating the case was unreasoanble. Rather, defendants challenge the allocation of the total time charged by plaintiffs' attorneys. Defendants' argument is that plaintiffs' attorneys are seeking reimbursement for time spent in litigation of the *Proctor* case or of the unsuccessful plaintiffs in *Acevedo*. They also allege portions of the billing statements are inadequate and the attorneys are seeking reimbursement for unreimburseable time, such as time billed by legal assistants or spent in performing duplicative or clerical work.

None of defendants' challenges raise the issue of the reasonableness of the time plaintiffs' attorneys spent in litigating *Mora* (or *Proctor* and *Acevedo* for that matter). As plaintiffs' attorney agreed during the March 10, 2011 hearing, because defendants never challenge it, the reasonableness of time spent on *Mora* is not an issue for this Court to resolve. Consequently, discovery of the number of hours defendants' counsel spent in litigation of *Mora* would not lead to any relevant information in resolution of plaintiffs' motion for attorneys' fees. *See Harkless*, 608 F.2d at 594. The Court makes special note that the only reason plaintiff has given for seeking information regarding the hours defense counsel spent in litigating the case is as a comparison for the reasonableness of the hours spent by plaintiffs' attorneys in litigating the case. Because the reasonableness of hours sought in litigation of *Mora* is not an issue, no comparison is necessary.

Additionally, counsel for defense does not contest the validity of the costs incurred by plaintiffs in litigating the case. Even if such were contested, costs incurred by defense counsel, which may include trips to meet with clients and other expenses particular to the posture of the defense attorneys and their clients, has no relevance to the reasonableness of the costs incurred by plaintiffs. Further, the costs incurred by plaintiffs are finite and are subject to documentation and verification. Any request for reimbursement of costs stands on its own. To the extent plaintiffs

seek to serve on defendants interrogatories or requests for production of documents relating to the number of hours billed in defense of *Proctor, Acevedo,* or *Mora* and the total charges for fees and costs, such requests are DENIED.[3]

The requests to serve Interrogatory 5 on defendants is also DENIED. Any relief not herein granted is denied. This Order rules upon and disposes of all issues relating to plaintiffs' motion for discovery. To the extent there are any outstanding issues this Court is able to dispose of, such issues will be resolved during the mediation scheduled for March 15, 2011.

IT IS SO ORDERED.

ENTERED this 11th day of March, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[3] This request is set forth in Requests for Production Numbers 1 and 2 and in Interrogatories Number 2(b) - (d); 3(a) - (c). Plaintiffs' Discovery Motion, Appendix, doc. 79, Exhibits H & I.